IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIKA LEE MEYERS,

    Plaintiff,

vs.

SHERIFF MIKE DOWNING, et al.,

    Defendants.
_____/

No. C 13-04230 SBA (PR)

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE REGARDING EXHAUSTION**

## INTRODUCTION

Plaintiff, who is currently housed at the Humboldt County Jail ("HCJ"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations that occurred in 2013. He has also filed a motion for leave to proceed in forma pauperis ("IFP"), which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at HCJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: Humboldt County Sheriff Michael Downing; Lieutenant Flint; Sergeant Lisa Yount; Correctional Officer Lewis; and "other unknown [jail officials] at present time . . . ." Compl. at 2. Plaintiff seeks monetary damages.[1]

## DISCUSSION

### I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

---

[1] Plaintiff also requests to be "released from punishment." Compl. at 3. However, such relief is not proper in a civil rights matter. Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. Calderon v. Ashmus, 523 U.S. 740, 747 (1998);

be granted or seek monetary relief from a defendant who is immune from such relief. <u>Id.</u> § 1915A(b)(1), (2). <u>Pro se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

## II.    Order to Show Cause Regarding Exhaustion

Plaintiff has raised the following claims in his complaint, including: (1) an excessive force claim stemming from an incident involving Defendant Lewis on July 21, 2013; and (2) a due process claim stemming from wrongful placement in "punishment housing" after being disciplined for the July 21, 2013 incident. Compl. at 3. In the section of the complaint entitled, "Exhaustion of Administrative Remedies," Plaintiff does not indicate that he exhausted his administrative remedies to the highest level of review as to <u>both</u> claims in his complaint. Thus, the Court directs Plaintiff to show cause why the aforementioned claims should not be dismissed for failure to exhaust his administrative remedies prior to filing this action and raising these claims.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA) provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. <u>Ngo</u>, 548 U.S. at 93. Section 1073 of Title 15 of the

California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement.

Because exhaustion under Section 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. Here, it is not clear from the face of the complaint whether Plaintiff exhausted his administrative remedies as to the aforementioned claims. Accordingly, the Court directs Plaintiff to show cause as to why the aforementioned claims should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a response to the order to show cause no later than **twenty-eight (28) days** from the date this Order is filed. The Court notes if Plaintiff did not fully exhaust his administrative remedies as to the aforementioned claims prior to filing this action, these claims will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff is directed to show cause why the claims in his complaint should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a written response to the order to show cause no later than **twenty-eight (28) days** of the date this Order is filed. **Failure to comply with this Order within the deadline provided will result in the dismissal of his complaint without prejudice.**

2   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

3. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 5/1/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge