UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MIKA LEE MEYERS,<br><br>        Plaintiff,<br><br>    vs.<br><br>SHERIFF MIKE DOWNING, et al.,<br><br>        Defendants. | Case No: C 13-4230 SBA (PR)<br><br>**ORDER OF SERVICE** |

## I.   INTRODUCTION

Plaintiff, who is currently housed at the Humboldt County Correctional Facility ("HCCF"), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, claiming that he was subjected to excessive force on July 21, 2013, while he was a pretrial detainee.  Dkt. 1 at 3.  Plaintiff also claims that he was later wrongfully disciplined and transferred to "punishment housing" as a result of this incident.  Id. at 3.  In his complaint, Plaintiff names as Defendants the following jail officials from HCCF: Sheriff Michael Downing; Lieutenant Flint; Sergeant Lisa Yount; Correctional Officer Lewis; and "other unknown [jail officials] at present time . . . ."  Dkt. 1 at 2.  Plaintiff seeks injunctive relief and monetary damages.

On May 1, 2014, the Court issued an order to show cause, directing Plaintiff to explain why the case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action.  Dkt. 5.  Subsequent to the issuance of that Order, the Ninth Circuit rendered its decision in Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), which establishes that it is the defendant's burden to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy.  Accordingly, the Court vacates its prior order to show cause and conducts a pre-service review of the complaint.

## II. DISCUSSION

### A. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

### B. LEGAL CLAIMS

#### 1. Excessive Force Claim

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. See Graham v. Conner, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39

(1979)); see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) ("The Due Process clause protects pretrial detainees from the use of excessive force that amounts to punishment . . . Graham therefore explicates the standards applicable to a pretrial detention excessive force claim in this circuit.") (citations omitted).  The Fourteenth Amendment's Due Process clause, not the Eighth Amendment, protects pretrial detainees from excessive force that amounts to punishment.  Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir.2002).

"[T]he Fourth Amendment sets the 'applicable constitutional limitations' for considering claims of excessive force during pretrial detention."  Id. (quoting Pierce v. Multnomah Cnty., 76 F.3d 1032, 1043 (9th Cir. 1996)).  The Fourth Amendment does not prohibit the use of reasonable force.  Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1095 (9th Cir.2006).  Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham, 490 U.S. at 397 (1989); Tatum, 441 F.3d at 1095.  The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake.  Graham, 490 U.S. at 396.

In his complaint, Plaintiff alleges that on July 21, 2013, he was subjected to excessive force by Defendant Lewis.  Specifically, Plaintiff alleges Defendant Lewis handcuffed him too tightly, and that when he "asked for relief from [the] painful restraints," Defendant Lewis grabbed both Plaintiff's forearms and ran him "about twenty feet into an outward facing stainless steel corner of a[n] elevator . . . ."  Dkt. 1 at 3.  Plaintiff claims that his head "split open" as a result of the impact, and that prison medical staff used "two epoxy glue type tubes to stop [the] bleeding."  Id.  Plaintiff claims that he now has an "ugly scar" and a "healed knot on [his] forehead."  Id.  Plaintiff alleges that the entire incident was recorded on tape, and that it will show that he "did not turn or attempt to turn on officers . . . ."  Id. at 4.  Liberally construed, Plaintiff's complaint states a cognizable Fourteenth Amendment excessive force claim against Defendant Lewis.

### 2.     Supervisory Liability

Plaintiff has not alleged facts sufficient to state a claim for supervisory liability against Defendant Downing.  Specifically, Plaintiff claims that Defendant Downing is liable based on the conduct of his subordinate, Defendant Lewis.  Respondeat superior is not a proper basis for imposing § 1983 liability.  See Taylor, 880 F.2d at 1045.  As noted above, a supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  See Redman, 942 F.2d at 1446.  A factual basis for such a nexus has not been alleged.  Therefore, Plaintiff's supervisory liability claim against Defendant Downing is DISMISSED without prejudice.

### 3.     Due Process Claim

Plaintiff alleges that he was wrongly disciplined as a result of the July 21, 2013 incident.  When reviewing a procedural due process claim by a pretrial detainee, a court should first ascertain whether the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due.  See, e.g., Bell v. Wolfish, 441 U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether governmental acts are punitive in nature).  Disciplinary segregation as punishment for violation of jail rules and regulations, for example, cannot be imposed without due process, i.e., without the procedural requirements of Wolff v. McDonnell, 418 U.S. 539 (1974).  See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996).  The five procedural requirements established by Wolff are: (1) written notice of the charges; (2) a period of no less than twenty-four hours to prepare for the disciplinary hearing; (3) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action; (4) a limited right to call witnesses and present documentary evidence at the disciplinary hearing; and (5) the limited right to receive assistance from a fellow inmate or correctional staff.  See Wolff, 418 U.S. 564-70.

Attached to his complaint are an "Appeal Form," a "Disciplinary Hearing/Findings Report" and an "Inmate Grievance Form" dated August 6, 2013, which show that after the

July 21, 2013 incident, Plaintiff appeared at a disciplinary proceeding that resulted in his being placed in "punishment housing" and in the loss of certain privileges for seven days. Dkt. 1 at 5-7.  Plaintiff also claims that after the seven days passed, he was wrongfully retained in "another punitive housing area."  Id. at 7.

According to Plaintiff, Defendant Yount had originally placed him in "punishment housing" as a "punitive measure" after the July 21, 2013 incident.  Id.  Plaintiff alleges that he was not provided his limited right to call witnesses and present documentary evidence at the disciplinary hearing.  Id. at 5.  Specifically, Plaintiff had called a witness by name, but he was denied the right to that witness because that witness was allegedly not near the scene of the incident.  Id.  In addition, Plaintiff claims he requested a copy of a videotape of the incident, but his request was denied.  Id.  Liberally construing Plaintiff's allegations, the Court finds that they are sufficient to state a procedural due process claim as to Defendant Yount.

### 4. Grievance Process Claim

Plaintiff alleges that Defendant Flint is liable for handling the final level review of his grievances relating to the aforementioned alleged violations in this action.  No constitutional violation is shown based merely on the improper handling of an inmate appeal.  Generally, the failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation.  There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996).

The denial of an inmate appeal is not a sufficiently severe change in conditions to implicate the Due Process Clause and the State of California has not created a protected liberty interest in its prison administrative appeal system. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have an appeal and set forth no substantive standards.  A regulation that merely provides procedural requirements, even if mandatory, cannot form

the basis of a constitutionally cognizable liberty interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

Here, Plaintiff had no federal constitutional right to a properly functioning appeal system.  An incorrect decision on an administrative appeal or failure to process the appeal in a particular way therefore could not have amounted to a violation of his right to due process.  Accordingly, Plaintiff's claim against Defendant Flint relating to the handling of his grievances is DISMISSED for failure to state a claim upon which relief may be granted and without leave to amend.

### 5. Claims Against Doe Defendants

Plaintiff has sued "other unknown [officers] at present time," whose names he intends to learn through discovery.  The use of Doe Defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against these Doe Defendants are DISMISSED from this action without prejudice.  Should Plaintiff learn these Doe Defendants' identities through discovery, he may timely move to file an amendment to the complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### III. CONCLUSION

For the foregoing reasons, the Court finds and orders as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

  1. The Court VACATES its Order to Show Cause (Dkt. 5) in light of the recent Ninth Circuit ruling in <u>Albino</u>.

  2. Plaintiff's complaint states a cognizable Fourteenth Amendment excessive force claim against Defendant Lewis.

  3. Plaintiff's supervisory liability claim against Defendant Downing is DISMISSED without prejudice.

  4. Plaintiff's complaint states a cognizable due process claim against Defendant Yount.

  5. Plaintiff's claim against Defendant Flint relating to the handling of his grievances is DISMISSED for failure to state a claim upon which relief may be granted and without leave to amend.

  6. Plaintiff's claims against the Doe Defendants are DISMISSED without prejudice.

  7. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order on **Humboldt County Sheriff's Department Sergeant Lisa Yount and Correctional Officer Lewis.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the Humboldt County Counsel's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

  8. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60)**

**days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

   9. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit mentioned above, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  Albino, 747 F.3d at 1166.  Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  Id.  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to

summary judgment under Rule 56.  Id.  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  Id. at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any

evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. Albino, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

10.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

11.     All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

12.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13.     Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated:  12/10/14

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.13\Meyers4230.service-REV.docx